[S. F. No. 3740.  Department Two.—January 14, 1905.]

In the Matter of the Estate of CHRISTIAN BOLLINGER, Deceased.  GEORGE W. WHYBARK, Executor of the Will of MARY A. L. BOLLINGER, Deceased, Appellant, v. GEORGE Y. BOLLINGER, Executor of the Will of Christian Bollinger, et al., Respondents.

WILLS—CONTEST AFTER PROBATE—CONTINUANCES—DISMISSAL OF CONTEST—DISCRETION NOT ABUSED.—Where more than one year had elapsed after the trial of a contest of a will after probate, at which the jury had disagreed, and the case, after being reset, was continued several times on account of the withdrawal of other attorneys and the illness of an attorney, who was not present at the first trial, and there was no appearance, except to move for a further continuance, after ample time had been allowed to secure other attorneys, it was not an abuse of discretion to refuse to grant another continuance, and, where the contestant declined to proceed, to dismiss the contest.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.  M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

W. W. Foote, and J. F. Conkey, for Appellant.

Charles W. Slack, and V. A. Scheller, for Respondents.

THE COURT.—This appeal is from an order dismissing the contest of appellant and from a final judgment against him.  The question to be determined is as to the ruling of the court on appellant's motion for a continuance.  Appellant had filed a contest, after probate, of the will of deceased, which came regularly on for trial in September, 1900, and after a trial occupying several weeks resulted in a disagreement of the jury.

Appellant was represented of record in the contest by three attorneys, W. W. Foote, J. J. Lermen, and Nicholas Bowden. The case was again regularly set for trial for September 17, 1901, and was then continued on motion of appellant's attorneys to September 24, 1901.  This continuance was granted

upon a statement made by one of appellant's attorneys that Mr. Foote was ill and unable to attend the trial. At this time the court informed counsel that if they were not ready to proceed with the case on September 24th they must obtain other counsel and be ready to proceed on that day. On September 24th appellant appeared by his attorneys, Bowden and Lermen, and again moved for a continuance upon affidavits showing that Mr. Foote was in poor health and unable to attend the trial; that Lermen had expected Mr. Foote to try the case and had made his business engagements accordingly, and had other cases set in court for many succeeding weeks; that Bowden had been employed only to assist in selecting a jury, and was not sufficiently familiar with the facts of the case to proceed with the trial.

The court denied the application for a further continuance, and thereupon attorneys Bowden and Lermen withdrew from the case and refused to proceed. The court thereupon excused the jurors who were in attendance and ready for the trial of the case, and continued it again to September 25, 1901, at which time Mr. Kerwin appeared for appellant and asked for a further continuance for three months, stating that he appeared solely for that purpose. No reason was given as to why appellant had not employed other counsel to appear for him generally. The court, however, again continued the case to October 1, 1901, at which time Mr. Kerwin again appeared for the sole purpose of moving for a further continuance, and in support of the motion read affidavits stating that the case was one of much importance, and that it would require an attorney from sixty to ninety days to familiarize himself with the law and facts and to prepare for a trial. The court thereupon denied the motion for a further continuance, and contestant, declining to proceed, the court made an order dismissing the contest.

The court did not abuse its discretion in denying the continuance. The case had been pending for a long time. Mr. Foote did not appear or take part in the trial which took place in 1900. More than a year had elapsed since that trial. Appellant had been given every opportunity to employ counsel if he so desired. In important cases courts should grant reasonable and proper time to parties to employ competent counsel and prepare for trial, and, to the credit of the trial

judges, they are seldom appealed to in vain for a reasonable continuance. It is much better to "make haste slowly" with the view of allowing all parties a reasonable time to procure their witnesses and prepare for trial, but at the same time the ends of justice require that cases should be tried, disposed of on their merits, and unreasonable delays prevented. Estates should not be tied up by contests and kept in court for many years, regardless of the rights of the heirs or devisees. If a contest of a will is initiated in good faith, and the contestant shows due diligence, every opportunity should be given for a full investigation of the issues made by the contestant, but if a contest must be continued for an indefinite time every time an attorney withdraws from the case, there would be no end to the matter.

The judgment and order are affirmed.

Hearing in Bank denied.