[Civ. No. 11197. Second Appellate District, Division Two.—December 23, 1936.]

ELIZABETH B. BERGER, Appellant, v. ETTA D. MANTLE, as Executrix, etc., Respondent.

William Barnett Spivak and Francis F. Quittner for Appellant.

Canepa & Castruccio and Horace W. Danforth for Respondent.

WOOD, J.—Plaintiff appeals from a judgment of dismissal entered upon the denial of her motion for a continuance of the trial. In her complaint plaintiff alleged that

Michael A. Berger had for more than thirty-five years rendered services in and about the business and affairs of Lee Mantle, his uncle; that Mantle had promised to pay for these services by providing a legacy for Berger in his will and in the event that Mantle should survive Berger the legacy was to be left for Berger's family; that Mantle died without making said legacy; that the services rendered were of the value of $126,000; that plaintiff is one of the heirs of Michael A. Berger and the assignee of the other heirs of Michael A. Berger; that a claim had been presented to the executrix of the estate of Lee Mantle and that the claim had been disallowed. Michael A. Berger predeceased Lee Mantle. In the inventory of the estate of Berger no mention is made of the claim against the estate of Mantle.

The case was called for trial at 9:30 A. M. on July 16, 1936. At that time William B. Spivak filed an affidavit in which he set forth that he had been substituted as attorney in place of Peter J. Youngdahl, the substitution having been signed on July 15, 1936, and filed on July 16, 1936. The affidavit further set forth that the affiant ''has been retained only several days ago and all of the parties who will testify as witnesses for plaintiff are either residents of the State of Montana or the State of Wyoming or the District of Columbia; that there are at least six to ten competent witnesses who can and will testify in this case and all of whom must be brought down to the city of Los Angeles from either Butte, Montana, Helena, Montana, or other northern points; that affiant has not had ample or any opportunity to communicate with these witnesses and that he will probably have to return to Butte, Montana, to arrange for their attendance at trial. That in addition thereto, there is a voluminous amount of documentary proof, all relevant and pertinent to plaintiff's cause of action, which affiant has been given to understand is available for use at the trial; that affiant has only several of these documents in his possession and that a large box of letters from the defendant to the plaintiff herein is in transit to affiant's office''.

One of the attorneys for defendant filed a counter affidavit in which he asserted lack of diligence on the part of plaintiff, claiming that the substitution of attorneys was made for the purpose of delay. From this affidavit it appears that the first publication of notice to creditors in the

estate of Mantle was dated January 19, 1935; that plaintiff's claim was filed with the executrix on July 11, 1935; that plaintiff received notice of rejection of her claim on July 16, 1935, but did not file her complaint until October 15, 1936, the last day allowed by law; that service of summons was never made upon defendant, who voluntarily appeared and demurred to the complaint on February 14, 1936, that no notice of ruling on demurrer was served upon defendant; that defendant filed her answer on June 4, 1936, and moved the court to set the cause for trial; that on June 20, 1936, the defendant served and filed notice of trial, set for July 16, 1936; that defendant had granted to plaintiff's former attorney Peter J. Youngdahl ample time to communicate with plaintiff, from October 15, 1935, to February 14, 1936, before appearing and pleading; that defendant had granted plaintiff's attorney additional time to communicate with plaintiff from February 4, 1936, to June 4, 1936, before answering and setting the cause for trial. The affidavit further set forth: ''That said probate proceedings are now and have been since the month of September, 1935, ready for closing and distribution and that by reason of said alleged claim defendant has been unable to close said estate and by reason of the nature and character and amount involved in said alleged claim defendant has been unable to arrive at a satisfactory tax conclusion with the state and federal tax authorities in so far as inheritance and succession taxes are concerned''.

Upon considering these affidavits the trial court denied plaintiff's motion for a continuance and ordered the action tried at 2 P. M. on July 16, 1936. At that hour Mr. Spivak filed his supplemental affidavit in which he stated that he had since the morning session telephoned to plaintiff at Butte, Montana: ''to propose to her an offer of compromise of the said matter, or else to request her presence at trial tomorrow if she could make the journey to Los Angeles via airplane''. The affidavit further set forth: ''That when affiant called Plaintiff at her home, and was connected with her residence telephone, Butte, 5577, a lady answered the same and represented to affiant that she was the nurse at Plaintiff's home and that she could not be called downstairs to the telephone even in an emergency, as her physician had left strict orders that Plaintiff was to remain in

her bed, for at least two weeks. That affiant finally induced the said nurse to get Plaintiff to the telephone, and that said Plaintiff was so weak and ill that her voice was hardly audible to affiant. That affiant believes Plaintiff to be in no position to travel and that if sufficient time be allowed, affiant will obtain an affidavit for this Honorable Court from the Plaintiff's physician setting forth her condition''. The motion for a continuance was again denied.

■ The matter of granting continuances is within the sound discretion of the trial court. The record before us discloses no abuse of discretion. Plaintiff delayed until the last week of the statutory period for filing a claim against the Mantle estate. She then waited until the last day to file her action and thereafter did not serve summons upon defendant, who after four months voluntarily appeared in the action. After demurrer was overruled she took no steps to limit defendant's time to answer. She was represented by counsel at all times but no showing is made of any effort to prepare for trial. She employed new counsel in Montana six days before the date of trial but no information is given to show that the change was necessary. No showing is made that the witnesses mentioned in the first affidavit were newly discovered or that the evidence could not have been obtained in time for the trial. It nowhere appears what testimony the witnesses referred to would give or what evidence would be disclosed by the documents mentioned. Nor does it appear that information concerning the evidence was not, or could not have been, disclosed to Mr. Youngdahl in time to prepare for trial. No mention is made of the necessity of the presence of the plaintiff at the trial. The statement of counsel concerning plaintiff's illness, necessarily hearsay, does not show the length of time plaintiff had been ill nor the nature and probable duration of her illness. (*Forney* v. *Brodie*, 3 Cal. App. (2d) 245 [39 Pac. (2d) 516].)

■ Much stress is placed by plaintiff upon the fact that there had been a substitution of counsel six days before the date set for the trial. It cannot be set down as a rule that litigants may in all cases demand a continuance by engaging new counsel just prior to the trial date. If such were the rule one or the other of the litigants could indefinitely avoid trial of the issues by making late substitu-

tions. Such a procedure would result in the obstruction of justice. Under the circumstances above set forth the substitution of attorneys did not require the granting of a motion for a continuance. In *Flynn* v. *Fink*, 60 Cal. App. 670 [213 Pac. 716], in reviewing the authorities on this subject, the court said: "Parties litigant have no absolute right to insist upon a change of counsel at the last moment before the time set for the commencement of the trial, where such change of counsel requires a continuance in order that the case may be properly prepared for trial. Such a course, if permitted and if persisted in, might and probably would in many cases work the destruction of private rights of the opposing litigant and would be subversive of the 'prompt administration and execution of the laws—upon which depends largely their effectiveness.' "

The judgment is affirmed.

McComb, J., *pro tem.*, and Crail, P. J., concurred.