## ANNA M. BENSON, Appellant, *v.* CLIFFORD G. BENSON, Respondent.

No. 3554

March 25, 1949.                    204 P.2d 316.

*Carville & Carville,* of Reno, for Appellant.

*Withers, Sanford & Horgan,* of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

The respondent obtained a decree of divorce from the appellant in the Second judicial district court of Washoe County, and an appeal therefrom has been taken to this

court. The matter is now before the court on this appeal and, by stiplation of counsel, upon the motion of the wife for an allowance of $500 fees for her counsel in presenting the appeal.

■ The right of this court to make an order directing payment of attorneys' fees upon appeal is well established. Lake v. Lake, 17 Nev. 230, 238, 30 P. 878; Buehler v. Buehler, 38 Nev. 500, 151 P. 44.

■ Motion for allowance in this case was not filed until after appellant had perfected her appeal, paid her filing fees, filed her record on appeal and filed her opening and closing briefs. The law is well-settled that motion for allowances can only apply prospectively and be made to cover future expenses. Cunningham v. Cunningham, 1.Nev. 93, 116 P.2d 188; Fleming v. Fleming, 58 Nev. 179, 72 P.2d 1110.

■ The respective financial conditions of the parties and the husband's ability will be considered in fixing the amount of such allowances. Baker v. Baker, 59 Nev. 163, 87 P.2d 800, 96 P.2d 200; Afriat v. Afriat, 61 Nev. 321, 329, 117 P.2d 83, 119 P.2d 883; Dirks v. Dirks, 61 Nev. 267, 125 P.2d 305.

■ In the present case it appears that the respondent receives a salary of approximately $55 per week and has been paying $70 a month for the support and maintenance of the appellant and the minor child of the parties. In view of the fact that the only services rendered after the filing of motion for allowances, comprised the preparation for and presentation of argument on appeal, and considering the respective financial conditions of the parties, the sum of $150 attorneys' fees seems reasonable and is ordered to be paid forthwith by the respondent to the appellant or to her counsel, Messrs. Carville and Carville.

The facts in this case show that the respondent's complaint was filed on April 6, 1948; summons was personally served on the appellant in East Hartford, Connecticut on the 13th day of April 1948. The appellant, through her attorneys, Pike, McLaughlin and

Furrh, filed a general demurrer on May 4, 1948, which was in due course overruled and appellant given fifteen days to answer. On May 24, 1948, appellant filed her answer, consisting of a general denial of the allegations of the complaint. On June 1, 1948, the case was set for trial on the 2d day of July 1948. The appellant had employed eastern counsel, one Isadore M. Waxman, who had duly authorized Messrs. Pike, McLaughlin and Furrh to act as Reno counsel for her. It appears that Isadore M. Waxman notified Mr. McLaughlin on May 26th that the appellant had changed her mind with reference to the divorce proceeding and desired no further representation; that Messrs. Pike, McLaughlin and Furrh received no further information in the matter until the 25th day of June 1948 when they were advised by an attorney, one Walter F. Foley of Connecticut, that the appellant would arrive in Reno on June 30, 1948 and would contact the clerk of the court for further advice. Appellant arrived in Reno on June 30, 1948 and on July 1, contacted E. H. Beemer, clerk of the court, and Messrs. Pike, McLaughlin and Furrh.

The appellant testified she had consulted an attorney in Connecticut named Mrs. Hemmelstein, who advised her to withdraw from the Nevada proceeding. Whereupon, she had advised Attorney Waxman of her desire and had been informed that she could not withdraw as she had already submitted herself to the jurisdiction of the Nevada courts; that as a result of this conversation, she discharged Attorney Waxman and told him in the latter part of May that she did not want him or Mr. McLaughlin to represent her and wished to withdraw from the action; that on July 1, about 4 o'clock in the afternoon, the appellant employed Messrs. Carville and Carville to present her case; that the case came on for trial at 2 p. m. on July 2, 1948, at which time Messrs. Carville and Carville presented a motion for continuance. The court sustained the respondent's objection to a continuance and proceeded to trial.

The evidence further shows that the parties had not

lived or cohabited together since November 1942, and that beginning in 1943 and continuing until shortly before the plaintiff came to Reno in 1948, divorce litigation was pending between them in the courts of Connecticut; and that during 1943 or 1944 the respondent had served for approximately six months in the United States Navy.

The appellant based her appeal upon the ground:

1. That the court abused its discretion in refusing to grant a continuance.

2. That the court abused its discretion in granting a divorce on the ground of three years separation[1] where litigation had been pending between the parties in Connecticut during the major portion of their separation.

It is admitted by both parties that the granting of a continuance is within the discretion of the court and that this discretion is subject to review.

The general rule under facts such as exist in the case at bar is:

"The withdrawal, on the eve of trial, of the attorney for one of the parties to an action, leaving such party unprepared for trial, is not ipso facto a ground for continuance, particularly where the withdrawal is unexplained, where no diligence in inducing counsel to remain in the case or in securing new counsel is disclosed, and where it is not shown that the party is free from fault in the matter.

"Likewise when new counsel is engaged just prior to the trial date, the alleged lack of preparation on the part of such counsel is not necessarily a ground for continuance, particularly where the party has been guilty of negligence, such as inexcusable delay in employing the new counsel, or where such recently retained counsel

---

[1] "Divorce from the bonds of matrimony may be obtained, in addition to the causes now provided by law and subject to the same procedure and requirements for the following cause:

"When the husband and wife have lived separate and apart for three consecutive years without cohabitation the court may, in its discretion, grant an absolute decree of divorce at the suit of either party." N.C.L.1931–1941 Supp., sec. 9467.06.

could have prepared himself for trial by the exercise of reasonable diligence; but where he could not thus have prepared himself, the cause may, in a proper case, be continued. In the event of a party being represented by two or more attorneys the fact that part of them had been retained only a short time before the trial furnishes no ground for a continuance where the remaining attorneys have been connected with the case for some time, or where, in fact, the case is well prepared and the recently retained attorneys have a thorough understanding of the issues thereof. A continuance will not be granted to permit a party to secure additional counsel to assist the attorney already retained where the party has failed to exercise reasonable diligence in employing such additional counsel."

Likewise, this court in the case of Neven v. Neven, 38 Nev. 541, 546, 148 P. 354, 356, 154 P. 78, Ann.Cas. 1918B, 1083, said:

"It is needless for us to cite authority in support of a proposition that has become almost universally recognized: That a motion for continuance is addressed to the discretion of the court. The reason for this rule is manifest. The trial court is apprised of all the circumstances concerning the case, and the previous proceedings, and has before it the parties, from whose conduct and utterance it has opportunity to judge as to whether or not the motion is made in good faith, or as to whether or not deception and fraud are being perpetrated on the court with a view to delaying the proceedings. It is for these reasons that courts of review generally have taken a position that the action of the trial court, in granting or denying a motion for continuance, will not be reversed, except for the most potent reasons.

"The rule has been laid down by some courts (and, in our judgment, advisedly so) that a greater degree of liberality should be accorded in matters of continuances in divorce cases than in any other civil actions; the reason for this being that the public, as well as the

parties to the action, are interested in the result of the suit. However this may be, we concur in the expression of the Supreme Court of California, in the case of Barnes v. Barnes, 95 Cal. 171, 30 P. 298, 16 L.R.A. 660, that a defendant must be held to the exercise of good faith and diligence, and cannot be heard to complain if the failure to present his defense results from an attempt to subordinate the busines of the court to his own business engagements and convenience."

So also the California District Court of Appeal in the case of Berger v. Mantle, 18 Cal.App.2d 245, 63 P.2d 335, 337, said:

"It cannot be set down as a rule that litigants may in all cases demand a continuance by engaging new counsel just prior to the trial date. If such were the rule one or the other of the litigants could indefinitely avoid trial of the issues by making late substitutions. Such a procedure would result in the obstruction of justice."

■ It is clear from the facts that no blame can attach to Messrs. Pike, McLaughlin and Furrh for their withdrawal from the case which was brought about by the appellant's direct request. Likewise, it is clear that no blame can attach to Messrs. Carville & Carville, whose services were not engaged by the appellant until the day before the trial of the case. It is equally clear that the necessity the appellant found of engaging new counsel the day before the trial was due entirely to her own negligence and lack of diligence. This being true, the court did not abuse its discretion in refusing to grant the continuance.

■ This court has held on numerous occasions that an actual judgment of separate maintenance did not necessarily bar the granting of a decree of divorce upon the ground of three years separation. George v. George, 56 Nev. 12, 41 P.2d 1059, 97 A.L.R. 983; Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378; Lagemann v. Lagemann, 65 Nev. 373, 196 P.2d 1018.

■ In the Lagemann case, supra, this court stated

that the real question involved was not so much which party was at fault or why the parties were living separate and apart, but rather the question of whether or not there was any reason to believe that the parties would be able to live together in a manner to the best interest of themselves and society. In this case, the parties have lived separate and apart for over five years and there is no evidence to justify the finding that a reconciliation between them would be possible. In fact, during the great bulk of their separation they were definitely at loggerheads and involved in litigation. Such prolonged litigation could only result in intense animosity. If a decree of separate maintenance does not prevent a divorce on the ground of three years separation, it cannot be consistently argued that the mere pendency of litigation during the major portion of the time the parties had lived separate and apart, would prevent the granting of a decree.

Nor can this court see any reason to hold that where the parties had lived separate and apart for more than five years, the fact that the plaintiff served in the armed forces for approximately six months of that time, could be any reasonable grounds for denying a divorce on the ground of three years separation.

It is the judgment of this court that no error was committed by the lower court, and that there was no abuse of discretion in either the order or judgment under attack.

The judgment of the lower court and the order of the lower court denying appellant's motion for a new trial, are affirmed.

BADT, J. concurs.

HORSEY, C. J., did not participate in this case.