[Civ. No. 18291.   Second Dist., Div. Two.   May 15, 1951.]

TIBOR FEJER, Plaintiff and Respondent, v. RALPH D. PAONESSA, Appellant; MILIZA KORJUS, Intervener and Respondent.

Earl Malmrose, John Oliver and William J. Clark for Appellant.

James M. Gammon and Charles F. Lowy for Respondents.

WILSON, J.—By plaintiff's complaint as amended he seeks judgment against defendant upon six causes of action: (1) amount unpaid on a contract whereby plaintiff was employed by defendant to orchestrate and act as musical director of an operetta, and to adapt and arrange a musical score thereof; (2) balance remaining unpaid to Miliza Korjus for services rendered by her as a star singer in the operetta, her claim having been assigned to plaintiff; (3) on a promissory note executed by defendant; (4) on a dishonored check; (5) a percentage of the gross receipts derived from the production of the operetta; (6) for attorney's services rendered in prosecuting Miss Korjus' claim for wages.

The complaint in intervention of Miliza Korjus is (1) for services rendered under her contract with defendant as a star singer and performer in an operetta, and (2) for the use of her gowns and costumes in its production.

The court found that plaintiff and defendant entered into a contract whereby plaintiff agreed to orchestrate an operetta for a salary of $250 a week and to adapt and arrange the musical score for 1 per cent of the gross receipts thereof; that there is due to plaintiff pursuant to the agreement the sum of $2,000 for salary plus $600 representing 1 per cent of the gross receipts from the performances; that defendant is indebted to plaintiff in the sum of $909 for the balance of moneys expended by plaintiff to copyists and orchestrators in copying the music; that defendant became indebted to Miliza Korjus in the sum of $10,000 for her services as a singer and $1,000 for costume rentals and she was paid only $4,500; that on November 1, 1948, plaintiff, intervener, and defendant mutually agreed that the balance due Miss Korjus was $5,500 for services and $1,000 for costume rental, and that the balance due plaintiff was $2,000 for services and $909 for money paid to copyists; that in order to obtain a release of certain bond money posted by defendant with Actors' Equity Association to pay for the services of other actors and workmen employed in the operetta the parties agreed that defendant should execute a promissory note for $8,500 and give plaintiff a check for $909; that the note was made pay-

able to plaintiff; that plaintiff and intervener signed a letter addressed to Actors' Equity Association and delivered it to defendant so that the aforesaid bond could be and it was released by reason thereof; that no part of the check or note has been paid; that at the time of the execution of the note and check the exact amount of the gross receipts of the operetta was not known to the parties and defendant agreed to inform plaintiff at a later date of the amount thereof; that there is due and unpaid from defendant to plaintiff the sum of $2,000 for wages, $600 as his agreed percentage of the gross receipts, and $909 for money advanced by him for orchestration and copyists, totaling $3,509; that there is due to intervener Korjus $5,500 for wages and $1,000 for costume rental.

Judgment was entered in favor of plaintiff and intervener for the respective sums above mentioned. Defendant has appealed from the judgment.*

1. Defendant contends that the court erred in denying his motion for a continuance of the trial upon several grounds:

(a) Defendant, as shown by a physician's certificate and his own affidavit, was ill and unable to appear at the trial. However, he did in fact appear and did testify in his own behalf; the fact that he appeared, as he asserts, in violation of his physician's orders does not furnish a ground for reversal. Inasmuch as he actually testified it will be assumed that he gave all evidence which he desired to present to the court.

(b) Two of defendant's counsel, Mr. Oliver and Mr. Clark, were employed shortly before the case was to be tried. A motion was made for a continuance on the ground they were unfamiliar with the action and were unable to go to trial. Mr. Clark stated in his affidavit that he was willing to accept employment if a continuance could be obtained, and that he had a conflicting trial date which compelled him to absent himself during a part of the trial. Mr. Oliver states he was not approached by defendant until November 28, 1949, the day before the case was to be tried, after two previous continuances. Such facts do not entitle defendant to a continuance. (1) The employment of counsel such a short time before the trial is not a sufficient ground for continuance;

---

*The joint brief of plaintiff and intervener (respondents) does not conform with rule 15(a) of Rules on Appeal (36 Cal.2d 15) in that there is not a single reference to the record in support of any statement of fact contained in the brief.

(2) Mr. Malmrose had represented defendant from the commencement of the action, had prepared and filed answers to the complaint, amended complaint and complaint in intervention, and presumably was familiar with the facts; the record shows he was present at the trial and took an active part in the proceedings, offering objections to questions and cross-examining at least one witness. Moreover, the case was first set for trial on November 7, 1949, and due to the crowded condition of the calendar was continued until November 14, at which time defendant made a motion for a continuance. Over the opposition of counsel for plaintiff and intervener the trial was continued until November 29. There appears to have been ample time within which defendant might have employed counsel who could have familiarized themselves with the case and whose other engagements did not conflict with the trial of the instant action. Defendant cannot take advantage of his own lack of diligence.

(c) A witness on behalf of defendant was absent from the state on the date of trial although he was under subpoena and on a previous date had been instructed to return on the trial date. An affidavit sets forth the evidence which defendant claims the absent witness would have given and counsel for plaintiff and intervener stipulated that he would so testify if present. His evidence was therefore considered as actually given and his absence was not a ground for postponement. (Code Civ. Proc., § 595.)

(d) Defendant contends that his defense was materially injured by the fact that his deposition, previously taken by plaintiff, had not been transcribed and filed. Defendant was represented by counsel and was himself an attorney. He knew he had not read and corrected his deposition. If he had desired its use at the trial it was his privilege to have had it transcribed and filed. The statute provides for the taking of the deposition of one party at the instance of the other (Code Civ. Proc., § 2021) but there is nothing in the law which compels the latter to have it transcribed and filed.

A motion for the continuance of a trial is addressed to the sound discretion of the court. Since none of the grounds advanced by defendant furnish a sufficient reason for the requested postponement the court did not abuse its discretion in denying the motion.

2. Defendant contends that the first count of the complaint in intervention does not state sufficient facts to constitute a cause of action for the reason that it purports

to be upon a promissory note made to another person and not assigned to intervener. She alleges that defendant employed her to render services as a star singer and performer in a musical stage show and agreed to pay her $10,000 for such services; as a guaranty for prompt payment of her salary defendant executed and delivered to her his promissory note for $10,000; that at defendant's request and for his convenience and agreeable to all parties, he made the note payable to plaintiff, who was the agent of intervener, but delivered it to intervener; that she is the owner and in possession of the note; that only $4,500 was paid on account of her services. The note and the agreed compensation are one and the same debt. The note was made payable to plaintiff at defendant's request, but was delivered to intervener for the reason that it represented salary to be paid to her. The facts with reference to defendant's indebtedness to intervener are fully set forth in the findings above outlined.　　Furthermore, since the note is for the amount of defendant's indebtedness the cause of action may be deemed to be to recover either on the note or the debt. (*Ellison* v. *Henion,* 183 Cal. 171, 174 [190 P. 793, 11 A.L.R. 444]; *Western Fuel Co.* v. *Sanford G. Lewald Co.,* 190 Cal. 25, 26 [210 P. 419].)

　　3. Defendant's objection to the second count of the complaint in intervention is also without merit. Such count restates the allegations in the first count and alleges in addition that defendant requested intervener to furnish her own gowns and costumes for the performances and agreed to pay $250 a week for the use thereof; that she used and wore them during the four weeks of the performance for which there became due her the sum of $1,000 in addition to her salary, no part of which has been paid. The contract with reference to costume rental is not a part of the salary agreement. It is further alleged that about November 1, 1948, an accounting was had between plaintiff, intervener and defendant and an account was stated by which it was agreed and determined that there was then due to intervener the sum of $6,500 and to plaintiff $2,000; that as evidence thereof defendant executed and delivered to intervener his promissory note for $8,500, which was, at the request and for the convenience of defendant, made payable to plaintiff, defendant then well knowing that in fact the sum of $6,500 evidenced by the note was due and payable directly to intervener and $2,000 to plaintiff; that no part of the note has been paid. Since the note is for

the agreed indebtedness the authorities above cited are applicable.

4. Defendant asserts that the third count of plaintiff's complaint as amended is insufficient for the reason that there is no allegation that defendant ever delivered the note. The note is the same as that which is the subject of the second count in the complaint in intervention. Defendant's objection is not now available to him since (1) the point has not previously been raised either by demurrer, answer or otherwise, (2) the complaint in intervention specifically alleges delivery of the note, (3) the note represents the total balance arrived at in an accounting and found due to plaintiff and intervener, (4) the facts with reference to the note and the total amount of the indebtedness are fully covered by the findings, (5) the amounts due and owing to plaintiff and intervener respectively are set forth in the findings and a separate judgment is entered in favor of each for the amount unpaid.

5. In the second count of plaintiff's amended complaint he alleges the defendant's indebtedness to Miss Korjus and her assignment of the account to him. Defendant complains of the absence of a finding as to whether such assignment was in fact made. Plaintiff is not injured by the absence of such finding and the objection is without merit. Plaintiff and intervener were acting in harmony throughout the action for the purpose of collecting the amounts due them respectively from defendant. Plaintiff has made no claim to ownership of the amount due to Miss Korjus other than by the allegation in his pleading. The findings determine that Miss Korjus is entitled to payment of the amount referred to and the judgment is in her favor for the balance due her. Plaintiff has made no objection to the findings or to the judgment. He is a party to the action and is bound by the judgment. Defendant is not required to pay more than the total sum due the parties respectively as required by the judgment.

6. Defendant contends that the finding that Miss Korjus kept and performed all the terms of her contracts and rendered services to defendant for the period of four weeks and by reason thereof there became due to her the sum of $11,000, of which $4,500 had been paid, is not sustained by the evidence. He does not question that the evidence shows Miss Korjus performed services for four weeks at an agreed compensation of $2,500 a week; that she furnished her own costumes at defendant's instance and request, for which he agreed to pay her $250 a week; that he paid her $4,500 and no more.

198

Defendant's assertion of error is based upon the fact that the contract between him and intervener contains an arbitration clause requiring that "any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration . . ." The contract does not appear in the pleadings nor did defendant plead the arbitration clause as a defense. He waived his defense by failing to plead it. (*Trubowitch* v. *Riverbank Canning Co.*, 30 Cal.2d 335, 339 [182 P.2d 182]; *Landreth* v. *South Coast Rock Co.*, 136 Cal.App. 457, 461 [29 P.2d 225]; *Wilson* v. *Mattei*, 84 Cal.App. 567, 576 [258 P. 453].) A person may waive the advantage of a law intended solely for his benefit. (Civ. Code, § 3513.)

7. Defendant asserts that the finding "that there is due the intervener" certain sums for wages and costume rental is a conclusion of law. Other findings are specific as to the services rendered by intervener, the amount agreed to be paid for such services, and the amount actually paid, hence the objection to the finding referred to is without merit.

8. Further objection is made to the same finding that the amount due was "for wages." The materiality of the presence or absence of the quoted words is not pointed out. Whether the amount owing to intervener is to be considered as wages or money due under the contract, the result is the same. Defendant agreed to pay the money and did not do so. In plaintiff's complaint there is an allegation that the amount unpaid was for wages and a prayer for an attorney's fee thereon. Since the court did not allow such fee the allegation and finding are immaterial.

9. The judgment in favor of intervener is not excessive by reason of the inclusion of the sum of $1,000 for costume rental. The contracts for services and for costume rental were separately made, the latter after the former. The evidence sustains the finding to that effect.

10. Contrary to defendant's contention the conclusions of law are sustained by the findings which have been previously referred to and this opinion will not be encumbered with a further recitation of their contents.

11. The finding that plaintiff and intervener signed a letter to Actors' Equity Association in order that defendant might obtain a release of certain bond moneys which he had posted for payment of services of other actors and workmen employed in the operetta and at the same time defendant executed his promissory note for $8,500 and gave plaintiff a

check for $909 is not outside the issues. The finding is based upon the evidence that the note and check were executed as a part of the transaction wherein an accounting was had between plaintiff and intervener on the one hand and defendant on the other and an account was stated wherein the parties agreed upon the several amounts owing from defendant to the other parties.

12. Defendant assigns error in the overruling of many of his objections to the introduction of evidence. We have carefully examined all such objections. While some of the evidence objected to may have been immaterial it has no bearing whatsoever upon the final result of the action and cannot have had the slightest influence upon the trial judge in rendering his decision. The evidence to which no objections were offered fully sustains the findings and judgment.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 24, 1951.