[Civ. No. 46083. Second Dist., Div. Four. Dec. 31, 1975.]

VIRGIL RAY VANN et al., Plaintiffs and Respondents, v.
ISAM SHILLEH et al., Defendants and Appellants.

**COUNSEL**

Philip Mirecki for Defendants and Appellants.

James A. Irwin and Mark A. Treadwell for Plaintiffs and Respondents.

**OPINION**

**KINGSLEY, Acting P. J.**—Defendants Shilleh and Savoir Parking Service, Inc. (Savoir) appeal from a judgment against them, entered after a trial by the court in an action for breach of contract. The sole ground urged for reversal is that the trial court compelled the defendants to appear by defendant Shilleh, a nonlawyer, appearing in propria persona and refused to grant defendants a continuance to secure new counsel. For the reasons set forth below, we reverse the judgment.

Respondents Vann and Cutter filed a complaint against appellants, Shilleh and Savoir, on July 18, 1972. Appellants answered, their

complaint with counsel identified as "The Law Office of Max Fink." Trial was set for August 19, 1974. Attorneys for both sides began settlement negotiations.

On August 16, 1974, the Friday before the Monday set for trial, a form entitled "Substitution of Attorneys" executed by appellants Shilleh and Savoir, and Law Offices of Max Fink, by R. Stephen Duke was filed with the court clerk.

The circumstances leading to the substitution were as follows: On the Thursday night preceding trial, defendant telephoned his attorney to refuse to accept the settlement agreement that the two opposing attorneys had worked out. The next day, August 16, Friday, the attorney substitution was filed and, according to respondents' own language, defendants' attorney, Stephen Duke, "withdrew from the case by permission of the court." Respondents also alleged that the reason that defendants' attorney, Stephen Duke, withdrew from the case was that defendants were dilatory in "withdrawing from the agreement" that both counsel had worked out to settle the case. After trial, the court stated in its findings of fact and conclusions of law that defendant Shilleh appeared in propria persona "after the motion of attorney Stephen Duke to withdraw from the case was granted by the court."[1]

On August 19, the following Monday morning, the matter was called for trial. Defendant Shilleh did not appear in court the morning of trial and Mr. Duke moved for a continuance before Judge Stothers, in Department SW "A" so that Mr. Shilleh could get a new attorney. Mr. Duke stated that defendant could not "get a new attorney in an hour or two hours' time."

Counsel for the plaintiffs also asked for a continuance, on the ground that he reasonably had assumed that the case was to be settled and, therefore, was not fully prepared for trial. The trial court refused the request for a continuance made on Shilleh's part, saying:

"THE COURT: Counsel, I appreciate your concern for your former client. However, the Court, as I have indicated, operates under the policy of no continuance, and, in addition to that, your man, your former client, has been apprised of the date of this trial and I see no grounds for him to continue this matter merely by failing to appear and substituting on the

---

[1]Mr. Shilleh had declared that his attorney told him that he was going to ask to be relieved as his attorney just preceding the day the case was to be tried.

morning of trial. Anyone can get a continuance under that theory. We cannot proceed in that manner; otherwise, our calendar would very shortly be in a horrible mess, and it's in excellent condition due to the fact that we've had to take a hard line on these continuances." He also denied the plaintiffs' request for a substantial continuance but did allow them one hour to prepare for trial.

When the case was called for trial, an hour later, before a different judge (Judge Kennedy) in a different department, defendant Shilleh was present. He requested a continuance to get a new attorney and that request was peremptorily denied.[2]

Trial was held on August 19 by a judge without a jury. Appellant acted as his own attorney. The trial court found that appellant corporation, Savoir Parking Service, Inc., was the alter ego of appellant Shilleh, and that appellants owed respondents $10,876.85 for breach of contract. The defendants' cross-complaint was dismissed. Defendants filed a notice of appeal.

I

Appellants argue that the superior court abused its discretion by denying defendants' motion for continuance to retain an attorney.

We agree. A denial of a request for a continuance constitutes an abuse of discretion where the ruling is arbitrary, capricious, and contrary to the interests of justice under all the circumstances. (*Kalmus* v. *Kalmus* (1951) 103 Cal.App.2d 405 [230 P.2d 57].) It cannot be held that litigants in all cases may demand a continuance by engaging counsel just prior to a trial date, where there is no showing of any necessity for any change of counsel, but a necessary substitution of counsel just prior to trial may justify the granting of a continuance, in some cases. (*Berger* v. *Mantle* (1936) 18 Cal.App.2d 245 [63 P.2d 335].) For reasons we shall discuss, the facts before us justified the granting of a continuance.

---

[2]"MR. SHILLEH: I am here to ask for a continuance because I have to get another attorney.

"THE COURT: All right. Was that taken up in Department A this morning?

"MR. MORGAN: Yes, Your Honor. The former attorney for Mr. Shilleh presented an argument for a continuance at that time, and it was denied, and the court ordered that we be prepared to go to trial at 1:30.

"THE COURT: Very well. The motion is denied."

In the case at bench, by respondents' own admission, appellants' attorney withdrew from the case. Plaintiffs contend that the withdrawal by Mr. Duke, on the eve of trial, was due to the fact that Mr. Shilleh had been dilatory in communicating his rejection of the negotiated settlement and had, thus, "acted in bad faith." The record does not support that allegation. All that appears in the record before us is the following statement by Mr. Duke.

"The circumstances are this, Your Honor: As Mr. Morgan indicated, we thought we had the case settled and I negotiated in good faith based upon Mr. Shilleh's acceptance at one point. And then he called me late Thursday to say he rejected the settlement. He just felt he could not accept it—"

█ The right of counsel to withdraw from pending litigation is not absolute. Although Mr. Duke may well have been irked to see a settlement that he had negotiated fail of consummation, his withdrawal, for that personal reason on the very eve of trial was not ethical. Subdivision (2) of rule 2-111 of the Rules of Professional Conduct provides: "(2) In any event, a member of the State Bar shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."[3]

It was the duty of the trial court to see that Mr. Shilleh was protected, so far as possible, from the consequences of Mr. Duke's improper abandonment of his client.

Where an attorney withdraws from a case the Friday before the Monday morning of a trial, the party ordinarily does not have sufficient time to procure counsel, and unless the party actually had sufficient advance warning that his attorney intended to withdraw, the circumstances justified granting a continuance. It has been held that where a party has stated his case to his attorney and the attorney doesn't show up because of an illness in the family, and the party first ascertains this fact on the morning of the day of trial, and he cannot procure other counsel, a continuance should be granted. (*Thompson* v. *Thornton* (1871) 41 Cal.

---

[3]Although rule 2-111 did not come into force until after the events herein involved, it states a long-accepted principle of professional conduct. (See rule 2-110(A)(2) of the Disciplinary Rules of the American Bar Association.)

626.) Although it is true that a party cannot substitute himself in propria persona and also insist on a continuance (*Agnew* v. *Parks* (1963) 219 Cal.App.2d 696 [33 Cal.Rptr. 465]), in the case at bar it is clear that appellant did so by necessity after his attorney withdrew and a request for a continuance was denied.

The cases cited us by counsel and disclosed by our own research in which a denial of a continuance was upheld, do not negate our position that the continuance should have been granted here.

Although *Flynn* v. *Fink* (1923) 60 Cal.App. 670 [213 P. 716] held that a litigant does not have an absolute right to change his counsel and get a continuance, the attorneys there were substituted five days before trial and the case implies that the litigant sought the substitution of attorneys. In the case before us the attorney sought to withdraw, and it does not appear that the litigant wanted to change his counsel.

In *Maynard* v. *Bullis* (1950) 99 Cal.App.2d 805 [222 P.2d 685], the attorney withdrew from trial months before the trial date, and even though plaintiff consulted eight attorneys who refused to take the case, the plaintiff in that case had ample time to procure counsel. In *Fejer* v. *Paonessa* (1951) 104 Cal.App.2d 190 [231 P.2d 507], the defendant also had "ample time to employ counsel who could have familiarized themselves with the case." In *Agnew* v. *Parks, supra,* (1963) 219 Cal.App.2d 696, plaintiff herself told the judge a full week in advance that her attorney was unavailable, and plaintiff knew months before that the attorney whom she wanted refused the case.

In *Estate of Dargie* (1939) 33 Cal.App.2d 148 [91 P.2d 126], the facts are also distinguishable because in the *Dargie* case the newly changed counsel had a general knowledge of the matter before the court. In *Estate of Bollinger* (1905) 145 Cal. 751, 752 [79 P. 427], "appellant had been given every opportunity to employ counsel if he so desired."

All the above cases are to be distinguished from the case before us, because, in the instant case, appellant did not know his attorney would withdraw from the case prior to the preceding Thursday night or Friday before a Monday court day, and he had no time to procure a new attorney over the weekend.

As we have indicated, the presiding judge made no effort to analyze the situation in which Mr. Shilleh found himself. The denial by Judge

Stothers was peremptory and based solely on a policy against continuances, without considering whether the case before it justified a departure from that salutary policy. Defendant was entitled to the exercise of an informed discretion; the record does not evidence any attempt to exercise any discretion.

## II

Appellants argue that Savoir, a corporation, was improperly forced to appear in propria persona. We agree. A corporation cannot represent itself in court, either in propria persona or through an officer or agent who is not an attorney. (*Paradise* v. *Nowlin* (1948) 86 Cal.App.2d 897 [195 P.2d 867]; *Himmel* v. *City Council* (1959) 169 Cal.App.2d 97 [336 P.2d 996].) Under these circumstances a withdrawal of attorneys is improper. (See *Laskowitz* v. *Shellenberger* (1952) 107 F.Supp. 397.) It was error to compel Shilleh to represent Savoir.

Nor can the court's action in permitting Mr. Shilleh to appear in propria persona be justified by the fact that the court later found Mr. Shilleh to be the alter ego of the corporation. A decision of whether a corporation is the alter ego of its shareholder is a decision for the trial court, and certain requirements must be found before the corporate entity will be disregarded. (*Arnold* v. *Browne* (1972) 27 Cal.App.3d 386 [103 Cal.Rptr. 775].) In the case before us Mr. Shilleh was allowed to act in propria persona for the corporation prior to the time the court examined the issue of whether he was the alter ego of the corporation.

Respondents argue without citation that Savoir was not an indispensable party to the case, and therefore the judgment against Shilleh in his individual capacity must stand. Even if Savoir corporation were to be regarded only as a necessary party, rather than as an indispensable party, it is still mandatory to join the parties, where it is possible or practicable to do so. (*Bank of California* v. *Superior Court* (1940) 16 Cal.2d 516, 523 [106 P.2d 879].) Therefore, Savoir should have been represented by an attorney.

## III

Plaintiffs argue that denial of a continuance is not a deprivation of due process of law. But the right to a hearing includes the right to appear by counsel. (*Mendoza* v. *Small Claims Court* (1958) 49 Cal.2d 668, 673 [321

P.2d 9].)　█　There is a constitutional basis for the right to counsel in noncriminal proceedings and, in its narrowest definition, it is the right to appear by counsel in any adversary proceedings in which the adversary party has the benefit of the right to counsel. (*Fallis* v. *Dept. of Motor Vehicles* (1968) 264 Cal.App.2d 373, 383 [70 Cal.Rptr. 595].) Therefore, appellants were constitutionally entitled to counsel. However, in view of our holding that we reverse on the grounds that the denial of the continuance was an abuse of discretion, and in view of the fact that we reverse on the grounds that Shilleh improperly represented Savoir, we need not also decide whether the court denied to defendants a constitutional right to due process of law.

The judgment is reversed.

Dunn, J., and Jefferson (Bernard), J., concurred.