[Civ. No. 17439. Fourth Dist., Div. Two. Aug. 22, 1977.]

COUNTY OF SAN BERNARDINO, Plaintiff and Respondent, v.
DORIA MINING AND ENGINEERING CORPORATION,
Defendant and Appellant.

## Counsel

Larry A. Sackey for Defendant and Appellant.

M. Crane Kitchel, County Counsel, and William Sabourin, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**GARDNER, P. J.**—In this case we shall hopefully administer belated last rites to an alleged judicial philosophy which has badgered the courts of this state for years. That philosophy is usually expressed in language that it is "a fundamental rule that the courts should be indulgent and liberal in granting continuances." As we shall point out, this concept has doubtful antecedents and in the context of the current law explosion is as

obsolete as the bustle. Nevertheless, dilatory trial lawyers have been using that alleged judicial philosophy on trial courts for decades and when rejected, wave that same concept at appellate courts as they cry abuse of discretion.

Rule 224 of the California Rules of Court provides: "Motions for continuances before trial in civil cases shall be made to the judge supervising the master calendar or, if there be no master calendar, to the judge in whose department the case is pending. Except for good cause, such motion shall be made on written notice to all other parties. The notice shall be given and motion made promptly upon the necessity for the continuance being ascertained. No continuance before or during trial in civil cases shall be granted except upon an affirmative showing of good cause therefor. This rule shall not prevent cases from being dropped from the calendar by stipulation or order."

In determining what constitutes good cause, guidance has been provided by the Standards of Judicial Administration adopted by the Judicial Council. (See *Young* v. *Redman,* 55 Cal.App.3d 827, 831-832 [128 Cal.Rptr. 86].) Standard 9, adopted in 1971, provides in pertinent part: "To insure the prompt disposition of civil cases, each superior court should: . . . (b) Adopt a firm policy regarding continuances, emphasizing that the dates assigned for a trial setting or pretrial conference, a settlement conference and for trial must be regarded by counsel as definite court appointments. Any continuance, whether contested or uncontested or stipulated to by the parties, should be applied for by noticed motion, with supporting declarations, to be heard only by the presiding judge or by a judge designated by him. No continuance otherwise requested should be granted except in emergencies. A continuance should be granted only upon an affirmative showing of good cause. . . ." Thereafter, four possible grounds for continuance are discussed (1) death of trial attorney or witness, (2) illness of trial attorney or witness, (3) unavailability of trial attorney or witness, and (4) "Substitution of trial attorney: The substitution of the trial attorney only where there is an affirmative showing that the substitution is required in the interests of justice."[1]

---

[1]We strongly recommend that trial attorneys and trial judges thoroughly study the complete texts of standards 9 and 11, which are reproduced in 4 Witkin, California Procedure (2d ed., 1977 Supp.) Trial, section 30A.

In spite of the above, the courts are constantly being badgered by such broad assertions as that quoted in the first page of this opinion, i.e., that "it is a fundamental rule that the court should be indulgent and liberal in granting continuances."

Our research has uncovered only six decisions in which this "fundamental rule" is even mentioned. (*Larson* v. *Solbakken*, 221 Cal.App.2d 410, 429 [34 Cal.Rptr. 450]; *Cohen* v. *Herbert*, 186 Cal.App.2d 488, 493 [8 Cal.Rptr. 922]; *Whalen* v. *Superior Court*, 184 Cal.App.2d 598, 601 [7 Cal.Rptr. 610]; *Capital National Bank* v. *Smith*, 62 Cal.App.2d 328, 339 [144 P.2d 665]; *Canal Oil Co.* v. *National Oil Co.*, 19 Cal.App.2d 524, 535 [66 P.2d 197]; *Ross* v. *Thirlwall*, 101 Cal.App. 411, 415 [281 P. 714].) In three of these decisions (*Capital National Bank, Canal Oil,* and *Ross*), the trial judge's ruling denying a motion for continuance was actually upheld on appeal. In one case (*Larson*), the motion for continuance was granted in the lower court, and this order was not disturbed on appeal. In each of the two remaining cases (*Cohen* and *Whalen*), the lower court's denial of a motion for continuance was held to be reversible error, but the appellate court was careful to point out that the moving party had made a strong showing.

Language in these cases that the trial court "should exercise liberality in the granting of a continuance . . ." (*Larson,* p. 429), "[l]iberality should be exercised in the granting of continuances . . ." (*Cohen,* p. 493), "It is true that liberality should be exercised in granting continuances . . ." (*Capital National Bank,* p. 339), "It is true that liberality should be exercised in granting postponements of trials . . ." (*Canal Oil Co.,* p. 535), " . . . the disposition of the courts is to show great liberality in granting continuances . . ." (*Ross,* p. 415), was not essential to the holding in any of these cases. If that language purports to express a judicial philosophy, that philosophy, if it even existed, is now obsolete.

As this court has previously noted in another context (*People* v. *Jackson,* 18 Cal.App.3d 504, 509 [95 Cal.Rptr. 919]), we are in the midst of a law explosion as a result of which court time has become an increasingly scarce and valuable, if not an endangered, resource. We cannot permit the courts to become a sanctuary for chronic procrastination and irresponsibility on the part of either litigants or their attorneys.

The trial judge must assert his power and "vigorously insist upon cases being heard and determined with as great promptness as the exigencies of the case will permit." (*Mann* v. *Pacific Greyhound Lines,* 92 Cal.App.2d 439, 446 [207 P.2d 105]; *Flynn* v. *Fink,* 60 Cal.App. 670, 673 [213 P. 716].) Unnecessary continuances are wasteful, nonproductive, time-consuming and a fertile ground for criticism by the public of the courts.

■    Looking to what appellate courts have actually done in the past, and considering the need for efficient use of judicial resources, we conclude that there is no policy in this state of indulgence or liberality in favor of parties seeking continuances. Rather, such parties must make a proper showing of good cause, in accordance with rule 224 of the Rules of Court, standard 9 of the Standards of Judicial Administration, and the case law. And, if the law must have some kind of litany or Gregorian chant in this field, we respectfully suggest it be that "continuances be granted sparingly, nay grudgingly, and then only on a proper and adequate showing of good cause."[2]

Having set the stage, we at long last turn to the facts in the instant case.

The County of San Bernardino brought this action to recover unpaid delinquent property taxes on mining claims. On the date set for trial, an attorney who was not defendant's attorney of record appeared on behalf of defendant and requested a continuance. The motion was denied and the attorney departed. The court then heard the county's evidence and, no evidence being presented on defendant's behalf, ruled in favor of the county. Defendant appeals from the ensuing judgment, contending that the denial of the motion for continuance was an abuse of discretion. We affirm the judgment.

On the date set for trial, September 24, 1976, defendant's attorney of record was the firm of Coughlin & Schmitt. When the case was called on that morning, Mr. Sackey announced that he was an attorney making a

---

[2]While we are here concerned with civil litigants, insofar as criminal proceedings are concerned, Penal Code section 1050 makes it crystal clear that there is to be no policy of liberality in the granting of continuances. To the contrary, courts are admonished to expedite criminal trials and advised that continuances are to be granted only upon affirmative proof that the ends of justice require such a continuance.

special appearance on behalf of defendant for the sole purpose of requesting a continuance.[3] He related that eight days earlier, on September 16, the president of defendant corporation told him that Mr. Schmitt of Coughlin & Schmitt no longer wished to represent defendant. Mr. Sackey and a deputy county counsel then met with the presiding judge of the superior court. County counsel indicated that the county would not object to a short continuance but the presiding judge stated he would not grant a continuance. If the parties were not ready for trial, the matter would be ordered off calendar, which would mean a delay of three to four months. County counsel indicated that the county would not agree to having the matter taken off calendar. Over four years had passed since the action was filed and the county desired a trial within the next two or three weeks. The next day, September 17, the matter was called on the master calendar. Mr. Schmitt appeared for defendant and the trial date was set for September 24. Mr. Sackey heard nothing further until September 22, when he received the case file from Mr. Schmitt.

Mr. Sackey stated that if the continuance was granted, he would become the attorney of record and that he would need one or two weeks to prepare for the trial. He further stated: "I can indicate they [defendant] have a good and substantial defense from the indications I've had with [the president of defendant corporation]."

County counsel indicated that he had his witness present and was prepared to try the case. In response to a question by the judge, county counsel indicated that he had been willing to agree to a short continuance, but was unwilling to see the matter go off calendar.

At this point, Mr. Sackey was called to the telephone. On his return he stated he had spoken to Mr. Schmitt's partner, who had informed him that if the matter were continued until the afternoon, a member of the firm would appear for defendant. The trial judge then announced that the motion for continuance was denied.

---

[3] Mr. Sackey's standing to make this motion has not been questioned, either in the court below or on appeal. We express no opinion on this issue.

On appeal, defendant contends that the court abused its discretion in denying the motion for continuance and predictably contends "[t]he fundamental ruling governing the granting of continuances is that the court's [*sic*] should be indulgent and liberal in granting them." Since there is no such "fundamental rule" we review the exercise of the trial judge's discretion unencumbered by any such nonessential rule or judicial philosophy.

█ The motion by Mr. Sackey falls far short of the requirements of rule 224. There was no noticed motion; rather, the matter was raised orally on the date set for trial. The motion was not made "promptly upon the necessity for the continuance being ascertained," as the problem had been apparent for over a week. Finally, there was no affirmative showing of good cause.

There was no showing concerning when the attorney of record indicated to his client a wish to withdraw. Thus, we do not know whether defendant used due diligence to obtain a new attorney. There was no showing that the substitution was necessary, i.e., that the attorney of record was unable or absolutely unwilling to represent defendant.[4] Indeed, at the time of the motion there had been no substitution, so that the motion was premised on a hypothetical rather than an actual dilemma. Finally, the trial judge could properly consider that the case had been pending for over four years, the motion was not supported by written declarations, neither an officer of defendant corporation nor defendant's attorney of record appeared, and the motion was made on the very day set for trial, while the county had brought a witness and was ready to proceed.

Insofar as requests for continuances based on substitution of attorneys, paragraph 4 of standard 9 of the Standards of Judicial Administration, cited above, does list this as a ground for continuance. Nevertheless, this standard clearly provides that "this is a ground only when there is an affirmative showing that the substitution is required in the interests of justice."

█ The portion of standard 9 just quoted is supported by existing case law. "Parties litigant have no absolute right to insist upon a change

---

[4]An attorney's withdrawal from a case on the eve of trial may constitute a violation of professional ethics. (See *Vann* v. *Shilleh*, 54 Cal.App.3d 192, 197 [126 Cal.Rptr. 401].)

of counsel at the last moment before the time set for the commencement of the trial, where such change of counsel requires a continuance in order that the case may be properly prepared for trial." (*Flynn* v. *Fink, supra,* 60 Cal.App. 670, 673.) "[I]f a [trial] must be continued . . . every time an attorney withdraws from the case, there would be no end to the matter." (*Estate of Bollinger,* 145 Cal. 751, 753 [79 P. 427]; see also *Agnew* v. *Parks,* 219 Cal.App.2d 696, 700 [33 Cal.Rptr. 465]; *Moshos* v. *General Cas. Co. of America,* 216 Cal.App.2d 425, 430 [31 Cal.Rptr. 17]; *Fejer* v. *Paonessa,* 104 Cal.App.2d 190, 194 [231 P.2d 507].)

█ Given the facts of this case, we have no hesitation in holding that there was no abuse of discretion in the denial of defendant's motion.

█ Undeterred, defendant argues in the alternative that the motion should have been granted because there was a stipulation pursuant to Code of Civil Procedure, section 595.2. That section provides: "In all cases, the court shall postpone a trial, or the hearing of any motion or demurrer, for a period not to exceed thirty (30) days, when all attorneys of record of parties who have appeared in the action agree in writing to such postponement."

Defendant's contention, argued without any sign of shame or apology, well illustrates the need for a formal and public repudiation of the supposed policy of liberality. When Mr. Sackey made the motion below he did not draw the judge's attention to section 595.2, nor did he submit a stipulation in writing. Indeed, the word "stipulation" was never mentioned. While the county counsel did indicate that he had previously been willing to have the matter continued, this information was in response to a question by the judge and was not in the form of a stipulation. Finally, of course, Mr. Sackey was not attorney of record and therefore lacked authority to enter into a stipulation pursuant to section 595.2.

Furthermore, even if Mr. Sackey had been attorney of record and a written stipulation had been offered, denial of the motion would still have been within the discretion of the trial judge. Despite its mandatory language, section 595.2 is directory only. (*Lorraine* v. *McComb,* 220 Cal. 753, 757 [32 P.2d 960].) As previously mentioned, standard 9 of the Standards of Judicial Administration provides that "[a]ny continuance, whether contested or uncontested or stipulated to by the parties, shall be

applied for by noticed motion, with supporting declarations . . . ." With the increasing burden placed on our trial courts, denials of motions made under section 595.2 may be expected to increase.

The judgment is affirmed.

Tamura, J., and McDaniel, J., concurred.