Filed 8/17/15  Dhaliwal v. County of Imperial CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BALWANT SINGH DHALIWAL, | D066356 |
| Petitioner, | |
| v. | (Imperial County Super. Ct. No. ECU07520) |
| COUNTY OF IMPERIAL, et al., | |
| Respondents. | |

APPEAL from an order of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed.

Balwant Singh Dhaliwal, in pro. per., for Petitioner.

Michael L. Rood, County Counsel, Geoffrey P. Holbrook, Senior County Counsel and Lisa Bianca Legaspi, Deputy County Counsel, for Respondents.

Balwant Sing Dhaliwal appeals from an order denying his petition for writ of mandate.  He contends the trial court abused its discretion in denying his motion for a continuance on the date of trial.

FACTUAL AND PROCEDURAL BACKGROUND

Dhaliwal began working as a surveying assistant for the County of Imperial (the County) in 1984 and continued work until becoming disabled in 1996. For 16 years the County tried unsuccessfully to find a reasonable accommodation to allow Dhaliwal to return to work. Dhaliwal did not cooperate with the County. He failed three times to show up for his medical assessment and failed to document medical justification for missing these appointments. In February 2012 the County gave notice of its intention to submit his application for retirement to the Imperial County Employee Retirement System. His retirement application was denied for failure to cooperate with the retirement process and failure to submit the required documentation. In September 2012 Dhaliwal was terminated based on the County's inability to accommodate his disability.

In October 2012 the County Human Resources and Risk Management Department (Human Resources Department) notified Dhaliwal of the procedures for appealing his termination. However, because Dhaliwal did not meet the requirements for a hearing before the County's Employment Appeals Board, his request for a hearing was denied. The Human Resources Department informed Dhaliwal of the availability of judicial review under Code of Civil Procedure, section 1094.6.

In March 2013 Dhaliwal filed his petition for writ of mandate contending under Code of Civil Procedure, sections 1094.5 and 1094.6 that the County's termination of his employment was invalid as an abuse of discretion and for lack of evidentiary support. On September 3, 2013, the court held a case management conference (CMC). Dhaliwal failed to appear and had failed to serve defendants. The trial court set a hearing on an

2

order to show cause (OSC) why the case should not be dismissed and other sanctions imposed for failure to serve the defendants with his petition for writ of mandate. At the October 3, 2013 OSC hearing, the court found that defendants had been served and set a CMC for November 18, 2013.

Dhaliwal appeared at the CMC and noted the following in his CMC statement: "Due to the Health Issues, I was unable to hire the Lawyer. Now I am in process of Hiring Lawyer. That will take over my case." The court set trial for May 16, 2014.

When the case was called for trial on May 19, 2014, Dhaliwal filed a "Request for Extension Due to the Sickness" requesting a one-year trial continuance based on ongoing medical treatment for a heart condition and two previous hospitalizations at unspecified times. Dhaliwal told the trial court that he had "a lot of [health] problems" and was unable to hire an attorney because of his health condition. The request did not include a proof of service. Dhaliwal also attached six unsworn letters from physicians relating to his medical history, conditions and ongoing appointments. The county counsel objected to the continuance.

The court denied Dhaliwal's request for a continuance. The court noted that it had been over a year since the petition was filed. After a colloquy with petitioner, the court found a one-year continuance "excessive." The court observed that Dhaliwal had appeared in court, did not object to the trial date when set, filed a petition for writ of mandate and was able to gather documents in support of his request for a continuance. The trial court determined that granting a continuance would not make any difference to the outcome.

3

Because Dhaliwal did not provide the trial court with an administrative record or file a brief, after denying his request for a continuance, the court denied Dhaliwal's petition for writ of mandate.

## DISCUSSION

A trial court has wide discretion in deciding whether to grant or deny a continuance, and its discretion will be reversed only when an abuse of discretion is clear. (*Link v. Carter* (1998) 60 Cal.App.4th 1315, 1321.) Generally to ensure the prompt disposition of civil cases, the dates assigned for trial are firm. All parties and their counsel must regard the date set for trial as certain. (Cal. Rules of Court,[1] rule 3.1332(a) & (c) ["continuances of trials are disfavored"].) A court need not be more liberal in granting continuances when a litigant is representing himself. (*Nelson v. Gaunt* (1981) 125 Cal.App3d 623, 637-638.)

An affirmative showing of good cause under the standards is required (rule 1.332(c)) and must be made by ex parte application or by formal noticed motion with supporting declarations (rule 3.1332(b)). The motion must be made as soon as reasonably practical once the necessity for a continuance is discovered (rule 1.332(b)). The trial court should consider the moving party's diligence in bringing the need for the continuance to the attention of the court and the opposing party at the first available opportunity. (*County of San Bernardino v. Doria Mining & Engineering Corporation*

---

[1] All references to rules refer to the California Rules of Court.

4

(1977) 72 Cal.App.3d 776, 783 [oral motion on day of trial not timely when attorney knew of grounds for continuance one week before trial].)

The matters that may be considered in ruling on the continuance include the proximity to the trial date, the length of the requested continuance, whether all parties have stipulated to the continuance, and any other factors relevant to the fair determination of the motion (rule 3.1332(d)).

Dhaliwal appeared on the date of trial but was totally unprepared to go forward. He had failed to present the administrative record and did not file a brief in support of his petition for writ of mandate. He had not properly noticed a motion for a continuance or provided admissible evidence in the form of sworn declarations to support his request for a continuance as required by rule 1332(b). The County did not stipulate but rather objected to the continuance (rule 3.1332(d)(9).) Although self represented, Dhaliwal was not entitled to any special consideration. *(Nelson v. Gaunt*, *supra*, 125 Cal.App.3d at pp. 637-638.) Given Dhaliwal's failure to provide proper notice and lack of any proper evidentiary support, the court acted well within its discretion in denying the motion for continuance. (*County of San Bernardino v. Doria Mining & Engineering Corporation*, *supra*, 72 Cal.App.3d at p. 783.) Further, under all the circumstances of this case, the trial court reasonably determined that a one-year continuance was excessive (rule 1333.2(d)(3)) and that given the history of the case, there was no reasonable likelihood that Dhaliwal's health and ability to obtain counsel situation would change. Finally, considering the strong policy of favoring prompt disposition of civil cases and firm trial dates and disfavoring continuances (rule 3.1332(a) & (c)), we cannot say that the trial

5

court abused its discretion in denying the continuance.  Because Dhaliwal's sole contention on appeal is that the court erred in denying his request for a continuance, and we have found no abuse of discretion in that ruling, we affirm the order denying Dhaliwal's petition for writ of mandate.

## DISPOSITION

The order denying the petition for writ of mandate is affirmed.  Respondents are awarded costs on appeal.

_____

PRAGER, J.

WE CONCUR:


_____

McDONALD, Acting P. J.


_____

McINTYRE, J.