Filed 4/20/15  Sierra v. Kremer CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>
REGULO SIERRA,

     Plaintiff, Cross-defendant and Appellant,

v.

STEVEN KREMER et al.,

     Defendants, Cross-complainants and Respondents.
</td><td>
A140807

(San Francisco City and County Super. Ct. No. CGC-11-514122)
</td></tr>
</table>

Appellant Regulo Sierra sued respondents Steven Kremer, Sandra Kremer and Katalina Dresner (collectively Respondents), for "Elderly Abuse, Fraud."  Respondents cross-complained against Sierra for breach of a settlement agreement and general release (Settlement) executed by Sierra in earlier litigation.  The trial court sustained a demurrer to Sierra's second amended complaint without leave to amend, denied his motion for reconsideration, and dismissed the complaint.  Sierra failed to appear for trial on the cross-complaint, and an uncontested court trial was held.  Judgment was awarded to Respondents.  Sierra challenges the judgment's validity and contends the trial court erroneously denied his informal request for a continuance.  We affirm.

## I.    BACKGROUND

We summarize the convoluted factual history of this litigation for context and in an attempt to identify what is at issue.  We do so with some difficulty because Sierra cites to virtually nothing in the record other than his own trial court pleadings (without

1

identifying where in the record they may be located), and he attempts to present questions that either are not appealable or were never raised below.

*Sierra's Pleadings*

The genesis of the present litigation appears to be a June 2008 complaint filed by Sierra (case No. CGC-08-476613)[1] against Respondents and against Steven Kremer as the administrator of the estate of Vivian Barrett. The gist of the complaint was that Sierra had served as a personal and financial assistant to Barrett, and that she had promised to leave him at least $2 million in municipal bonds upon her death in consideration of his services.[2] In December 2008, Sierra, represented by counsel, entered into the Settlement resolving the litigation in consideration of payment of $58,000 "in full and final satisfaction and discharge of all of Sierra's claims, known or unknown . . . ." The Settlement included a release of Respondents "from and against any and all claims, causes of action, liabilities, duties, suits, fees, costs and damages which . . . were set forth in or could have been set forth" in the complaint and creditor's claim. The consideration was paid, and the complaint was dismissed with prejudice.

Notwithstanding the Settlement, Sierra filed a pro se action in March 2010 (case No. CGC-10-497564).[3] That complaint appeared to be a duplicate of Sierra's original dismissed complaint, with his name substituted as counsel. Respondents' demurrer was sustained without leave to amend in July 2010, on grounds of res judicata.

---

[1] All referenced trial court cases were filed in the Superior Court of the City and County of San Francisco.

[2] Sierra also filed a creditor's claim against Barrett's estate seeking $200,000 as the reasonable value of services provided to Barrett during her lifetime.

[3] Respondents cite in their brief several attempts by Sierra (either directly or through others) to assert claims against Barrett's estate or against Steven Kremer as administrator following the Settlement. They also cite to documents included in requests for judicial notice in the trial court, but no record evidence is provided that the court ever granted those requests or that the court otherwise considered the documents. Thus, we only take judicial notice of relevant documents within the clerk's transcript which have been file stamped, indicating that they are official records of the superior court. (Evid. Code, § 452, subd. (d)(1).)

The pro se complaint underlying this appeal was filed in September 2011 (case No. CGC-11-514122). It is captioned "ELDERLY ABUSE, FRAUD Re: estate OF Vivian Barrett, Interference with Business and personal Affairs for financial Gain" and alleges, inter alia, that Respondents breached promises made to him by Barrett to deliver municipal bonds and personal property upon her death, and thereby interfered with his business and financial affairs. The following November, the trial court (Hon. Harold Kahn) sustained Respondents' demurrer, with leave to amend "if he can do so in good faith, to allege claims that are not time-barred and that were not and could not have been a part of the prior lawsuits." About 10 days later, Sierra filed a "First Amended Complaint for Damages to Elderly Person Disable [*sic*], and Intentional Infliction of Emotional Distress." This pleading alleged, without explanation, that Sierra's complaint was not time-barred and that he suffered pain and mental anguish due to the "small amount" of the Settlement. Respondents again demurred and filed a motion to strike the pleading. In February 2012, Judge Kahn sustained the demurrer, with 30 days leave to amend, finding that Sierra failed to plead any facts to show that his claims were not time-barred and were not and could not have been part of the prior lawsuits.

Sierra filed a second amended complaint in March 2012, seeking damages for fraud, elder abuse, "unconscionability," intentional infliction of emotional distress, and "accounting." Respondents again demurred. Judge Kahn, after hearing the following May, sustained the demurrer without leave to amend, finding that Sierra "ha[d] not alleged, nor does it appear that he can allege, ultimate facts showing that the five causes of action in the Second Amended Complaint are not barred by the applicable statues of limitations or by res judicata."

Sierra filed a motion for reconsideration. His motion included a challenge to Judge Kahn under Code of Civil Procedure section 170.6, and also sought to add Judge Kahn as a defendant in the action. The matter was referred to Judge Curtis Karnow for hearing on the motions. Sierra did not appear at a hearing on July 26, 2012, to contest tentative rulings by Judge Karnow denying the motions; however, Patricia Hewlett, a nonattorney, and Michael Murawski, an unlicensed attorney, attempted to appear on

3

Sierra's behalf. Hewlett asked to postpone the hearing because Sierra was "very sick." The court declined to continue the matter and entered orders consistent with the tentative ruling.[4] The court found that Sierra failed to present any new law or facts upon which to base a reconsideration motion, and that the motion did not comply with Code of Civil Procedure section 1008.[5] An order was entered dismissing Sierra's second amended complaint on that date.

Following the dismissal, Sierra contended that Raymond Burke, an attorney specially appearing for Respondents at the July 26, 2012 hearing had orally agreed to a settlement with Sierra for $475,000. Sierra filed a motion to enforce settlement. Judge Karnow denied the motion in September, finding that the requirements of Code of Civil Procedure section 664.6 had not been met. Sierra's motion for reconsideration was denied by Judge Karnow on December 21, 2012.

Sierra appealed from the December 21, 2012 order (appeal No. A137743), which was later dismissed on the basis that a ruling on a motion for reconsideration is not an appealable order. On March 12, 2013, Sierra filed a notice of appeal from the September 2012 order denying his motion to enforce settlement. That appeal (No. A138227) was dismissed on the basis that the order was not appealable and in any event untimely. No appeal was taken from the July 26, 2012 judgment dismissing Sierra's second amended complaint.

*Respondents' Cross-Complaint*

Respondents had filed a cross-complaint against Sierra in October 2011, claiming damages for breach of the Settlement. Sierra failed to answer, and his default was entered in August 2012. In February 2013, Respondents stipulated to set aside the default, were granted leave to file an amended cross-complaint, and filed their first amended cross-complaint (FACC), pleading a single cause of action for breach of contract. The Settlement was attached, and incorporated by reference, to the FACC. The

---

[4] Hewlett told the court that "we're filing criminal charges against you."

[5] The court also found the challenge to Judge Kahn to be untimely, and that judicial immunity barred any claim against Judge Kahn.

4

FACC sought compensatory damages for $58,000 (the amount of consideration paid to Sierra for the Settlement) and $1,720 (for filing fees paid by Respondents). Sierra demurred and moved to strike the complaint. In his general motion to strike, Sierra alleged in a single paragraph that the FACC was a SLAPP[6] pleading. The demurrer was overruled and the motion was denied on May 8, 2013 (Hon. Peter Busch). Judge Busch held that, to the extent that Sierra was presenting an anti-SLAPP motion under Code of Civil Procedure section 425.16, he presented no law or evidence to show that the FACC was directed against protected activity. Sierra was given until June 10, 2013, to file an answer. The register of actions indicates that Sierra filed an answer to the FACC on June 7, 2013.[7]

By case management order dated June 13, 2013 (Order), the court gave notice to the parties that the matter was set for trial on January 6, 2014. As of that date, the only operative pleading was the FACC. The Order advised the parties that any objection to the trial date was required to be presented at an objection hearing on June 26, 2013, at 10:30 a.m. in Department 610, and thereafter any request for continuance of the trial date must be submitted to the "Presiding Judge in Department 206." The register of actions reflects no objection to the Order. An unsuccessful settlement conference was held on December 16, 2013; on December 24, Respondents filed and served a request for Sierra's attendance at trial. On January 2, 2014, Sierra filed a motion in limine, including a list of his proposed exhibits, and requested a jury trial. Sierra failed to post jury fees, and the matter was assigned to the court's short-cause calendar. On January 6, 2014, the matter was called on the master calendar, and Sierra failed to appear. Presiding Judge Cynthia M. Lee assigned the case to Judge Paul Alvarado for trial. Respondents submitted a trial brief, which is not in the record provided by Sierra. Judge Alvarado entered judgment for Respondents consistent with the prayer in the FACC, awarding

[6] "SLAPP is an acronym for 'strategic lawsuit against public participation.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

[7] The answer is not included within the record designated by Sierra. In his opening brief, Sierra says that he filed a general denial.

5

compensatory damages in the total amount of $59,720.00.  A notice of entry of judgment was served on January 8, 2014.  Sierra filed a timely notice of appeal on January 15, 2014.

## II.    DISCUSSION

We once again find ourselves attempting to make sense of pro se pleadings which, while obviously filed in this case with some level of professional assistance, largely ignore the requirements of the California Rules of Court.  As noted *ante*, Sierra's record references consist primarily of quotations from portions of his own pleadings (without page citations), and his citations to the trial court record make almost no reference to any location in that record where documents can be found or are simply annotated as "See Register."  It is not the responsibility of this court to search through the record seeking evidence in support of a party's position.  (*Williams v. Williams* (1971) 14 Cal.App.3d 560, 565.)

From what we can glean from the record provided, the first obvious fact is that no cognizable issues are before us relating to dismissal of Sierra's second amended complaint.  The only timely appeal was taken from the "judgment after court trial," i.e., the judgment on Respondents' FACC entered by Judge Alvarado on January 6, 2014. The second is that Sierra has forfeited most, if not all, of his arguments on appeal, by failing to apply cited legal principles to the particular facts of the FACC and to support his arguments with citations to specific evidence in the record.  (See *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115–1116; Cal. Rules of Court, rule 8.204(a)(1)(C).)

We reiterate that Sierra is not exempt from the rules because he has chosen to represent himself on appeal in propria persona.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.)  "[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]"  (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

6

A.    *Challenges to Judgment on Respondents' FACC*

Even if were we to ignore the self-evident defects in Sierra's briefing, we would find that he has failed to overcome the basic hurdle that "an appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness.  [Citation.]" (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649–650.)  "[T]he party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised.  [Citation.]" (*Id*. at p. 649.)  Error must be affirmatively shown. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)

Sierra's opening brief appears in large part to be a regurgitation of the allegations of his original and amended complaints, and of his demurrer and motion to strike the FACC.  He also attempts to raise additional issues, such as a claim of violation of the Rosenthal Fair Debt Collection Practices Act (RFDCPA; Civ. Code, § 1788 et seq.), that do not appear to have been presented to the trial court.  He provides little in the way of reasoned argument or legal analysis, citing biblical quotations or legal maxims.  To the extent Sierra cites legal authority, he does not explain how that authority is applicable to the circumstances of this case.  "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.  [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see also Cal. Rules of Court, rule 8.204(a)(1)(C).)

Sierra spends most of his briefing challenging the legal sufficiency of the FACC. He seems not to appreciate that we are reviewing the judgment after a court trial before Judge Alvarado, and not the correctness of Judge Busch's denial of Sierra's demurrer and motion to strike months earlier.  Under the general heading of "Mistakes of Fact and Law," Sierra contends the FACC is (1) financial elder abuse because it caused him undue financial strain; (2) a SLAPP; (3) moot ("because it does not present any actual controversy"); (4) time-barred (because it was filed more than four years after the Settlement); (5) unconscionable, unripe, and does not state facts sufficient to state a cause of action (because it is based on the Settlement); and (6) does not support the damages

7

claimed. He further contends that Respondents "conceded financial elder abuse, mootness, unconscionability and unripeness" by not addressing those issues in response to his motion to strike in the trial court, and that Respondents, by pursuing the FACC, violated the RFDCPA. Sierra supports none of his contentions with reasoned legal argument. When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785; *Guthrey v. State of California, supra,* 63 Cal.App.4th at pp. 1115–1116 [claim on appeal may be denied if unsupported by argument applying legal principles to particular facts of the case].)

Moreover, in challenging the judgment against him, Sierra provides none of the briefing and evidence submitted to the trial court by Respondents. In our review, we must presume that the record contains evidence to support every finding of fact, unless an appellant affirmatively shows otherwise. (*Huong Que, Inc. v Luu* (2007) 150 Cal.App.4th 400, 409.) " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Failure to provide an adequate record for review means that Sierra does not begin to meet his burden of establishing that the trial court erred in finding that he breached the terms of the Settlement, and that Respondents suffered damages as a result.

B.    *Denial of Continuance and Due Process Claim*

Sierra's notice of appeal cites as an "Other" ground of appeal that "Plaintiff did not appear in court due to a medical condition." In his opening brief, he alleges that he "could not attend the January 6, 2014 jury trial due to a medical condition as indicated in a letter provided to Judge Alvarado and Respondents but Judge Alvarado proceeded to trial without Appellant present and ruled against Appellant." He otherwise makes no mention of the issue in the opening brief. Only in his reply brief does Sierra argue that the court abused its discretion in proceeding to trial in his absence. We do not consider

8

arguments raised for the first time in a reply brief. (*Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4.)

In a rambling and generally incoherent argument in his opening brief, Sierra contends that the trial court "violated the Due Process Clause," but does not suggest how the court did so. Even if we were willing to assume that Sierra's abuse of discretion argument is somewhere camouflaged within this undifferentiated morass, the claim would still fail.

First, Sierra again fails to provide an adequate record for review. He does not provide us with the "letter" purportedly sent to Judge Alvarado, nor does he indicate when and how it was supposedly communicated to the court. He does not provide court minutes of the hearing, and no such communication is mentioned in the register of actions or reporter's transcript.[8] "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed. [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Second, Sierra fails to establish any abuse of the trial court's discretion. If proper notice of the trial has been given, either party may bring an issue to trial and proceed to judgment in the absence of the other party. (Code Civ. Proc., § 594;[9] *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 58.) The required notice usually must be given at least

---

[8] The only item we find in any of the materials filed with this court is an "exhibit" improperly attached to Sierra's civil case information statement (Judicial Council Forms, form APP-004). The "exhibit" is a preprinted form with the caption "Arcilla Medical Clinic" dated January 3, 2014, indicating that Sierra would be absent from work from January 4, 2014, through January 14, 2014. The reason is listed as "Medical Condition," and no other explanation is included. Nothing indicates that this document is the "letter" Sierra references, or that it was ever otherwise submitted to the trial court.

[9] "In superior courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with the case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial . . . . If the adverse party has served notice of trial upon the party seeking the dismissal, verdict, or judgment at least five days prior to the trial, the adverse party shall be deemed to have had notice." (Code Civ. Proc., § 594, subd. (a).)

15 days before the date set for trial. (Code Civ. Proc., § 594, subd. (a).) Sierra unquestionably had such notice and did not object to the trial date when that notice was given. Continuance of a trial, once set, is disfavored and requires an affirmative showing of good cause. (*County of San Bernardino v. Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 779; *Young v. Redman* (1976) 55 Cal.App.3d 827, 831–832; Cal. Rules of Court, rule 3.1332(c).) Clearly no motion to continue was filed, as required by California Rules of Court, rule 3.1332(b),[10] and no supporting declarations were submitted to explain what "medical condition" prevented Sierra from attending trial.[11] *If* a request to continue trial was in fact made, and *if* it was denied, the court would have been entirely justified in doing so. Further, in the absence of a record, we would not disturb the implied finding of the trial court that Sierra had failed affirmatively to show good cause for the continuance in exercising its discretion to deny a motion on the morning of trial. (See *In re Marriage of Teegarden* (1986) 181 Cal.App.3d 401, 407.)

### III.  DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

---

[10] See also the Superior Court of the City and County of San Francisco, Local Rules, rule 6.0(B): "**Continuances**. The Presiding Judge determines motions for continuance of a case of a case set for trial on the trial calendar . . . . These motions must be accompanied by supporting declarations. No motion for continuance of a trial date may be made or heard in any other department. The Presiding Judge on Stipulation of the parties may continue trial to a date convenient to the Court by an ex parte application. Parties seeking a stipulated continuance of the trial date must submit (1) an ex parte application establishing good cause for the continuance, including a declaration there have been no prior continuances or stating the number of prior continuances, the reason for those, and the party seeking those, (2) a stipulation by all parties, and (3) a proposed order. No continuance will be granted except for good cause shown, such as serious accident, illness or death, or unanticipated unavailability of parties or witnesses. Without a showing of good cause, no case will be continued on the trial calendar on the ground that a date for a hearing in the Law and Motion Department or other department has not been scheduled or heard prior to the trial date."

[11] Nor does Sierra offer any explanation here.

_____
BRUINIERS, J.


WE CONCUR:


_____
SIMONS, Acting P. J.


_____
NEEDHAM, J.

11