Filed 4/4/16  Commercial Loan Solutions v. Yu CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| COMMERCIAL LOAN SOLUTIONS III, LLC,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MICHAEL S. YU,<br><br>      Defendant and Appellant. | B262047<br><br>(Los Angeles County<br>Super. Ct. No. BC504114) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael Linfield, Judge.  Affirmed.

Law Offices of Egbase & Associates, Gerald O. Egbase; Law Offices of J. Grant Kennedy, J. Grant Kennedy for Defendant and Appellant.

Wagenseller Law Firm, Laine T. Wagenseller for Plaintiff and Respondent.

_____

Defendant and appellant Michael Yu contends that the trial court wrongly denied a continuance of trial and, at trial, improperly admitted a document under the business records exception to the hearsay rule. Because Yu fails to demonstrate reversible error, we affirm.

## BACKGROUND

Plaintiff and respondent Commercial Loan Solutions III, LLC (CLS), filed suit against Yu in March 2013 for breach of guaranty. In its complaint, CLS alleged that in September 2007, Yu's law corporation executed a promissory note for a commercial loan in the principal sum of $1,196,500, with Bank of the West (BOW) as lender, to purchase real property secured by a deed of trust in favor of BOW. To further secure the promissory note obligations, Yu, as an individual, executed a guaranty in favor of BOW for all amounts owed on the promissory note. In May 2012, the promissory note and guaranty were sold by BOW to CLS. In November 2012, the property was sold in a nonjudicial foreclosure to CLS for a credit bid of $880,000. The complaint alleged Yu owed the remaining balance on the loan pursuant to the guaranty.

The trial court initially set a trial date of September 24, 2014. Yu substituted attorneys in May 2014. On August 11, 2014, he substituted attorneys again. On August 19, 2014, Yu brought an ex parte application to continue the trial date, arguing, among other things, that discovery had "barely begun" and no depositions had been taken, and that his new counsel would not have adequate time to prepare for trial. CLS opposed the ex parte application. The trial court granted the application and continued the trial date to November 7, 2014.

On October 31, 2014, Yu's third set of attorneys filed an ex parte application to be relieved as counsel, noting that Yu "is an attorney with his own law firm and would not suffer prejudice if counsel is allowed to withdraw." In addition to withdrawal as counsel, the application sought a continuance of trial. CLS did not oppose the withdrawal but opposed a continuance. After conducting an in camera hearing, the trial court granted the application for relief but denied Yu's request "to continue the trial for six months." The

2

court did continue the trial for a week, however, resetting the trial date for November 14, 2014.

New counsel substituted in for Yu on November 5, 2014. On November 7, 2014, at the final status conference, Yu's new attorney filed another ex parte application to continue the trial, seeking a new trial date of December 12, 2014, and arguing that there was insufficient time to prepare for a November 14 trial. The trial court denied the application.

Following another request to continue the trial, a one-day bench trial was held on November 14, 2014. At the conclusion of the trial, the court found in favor of CLS, noting that it found much of Yu's testimony (in which he spoke about not reviewing or understanding the loan documents) not credible. The trial court entered judgment in favor of CLS for a principal amount of $340,911.14 and interest of $87,804.51.

## DISCUSSION

### I. The request for a continuance was properly denied

On appeal, Yu contends that the trial court committed error by denying his November 7, 2014, request to continue the trial. We review the trial court's order denying a continuance for an abuse of discretion. (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126.)

When a trial date is set, the date is considered firm and continuances are disfavored. (Cal. Rules of Court, rule 3.1332(a), (c).) A continuance may be granted only upon a showing of good cause. (Cal. Rules of Court, rule 3.1332(c).) Substitution of trial counsel, the ground upon which Yu brought his request, is a circumstance that may indicate good cause. (Cal. Rules of Court, rule 3.1332(c)(4).) In ruling upon a request for a continuance, however, the trial court "must consider all the facts and circumstances that are relevant to the determination," including, among other circumstances, the proximity of the trial date and whether there were previous continuances. (Cal. Rules of Court, rule 3.1332(d)(1), (2).)

Given the facts that, as of November 7, 2014, trial was only one week away and Yu had already requested and obtained two prior continuances of the trial date, the trial

3

court had ample basis to deny Yu's request for another continuance. The reason Yu gave for seeking a continuance on November 7, 2014—substitution of counsel—was the same reason Yu provided in a prior successful application for a continuance. "'[If] a [trial] must be continued . . . every time an attorney withdraws from the case, there would be no end to the matter.'" (*County of San Bernardino v. Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 784.)

Yu argues on appeal that the trial court's denial, besides hindering his new attorney's preparation for trial, also prevented the attorney from bringing in witnesses from BOW who could have testified that CLS concocted a scheme to foreclose on the property. Yu fails to explain, however, why a continuance was required to procure the witnesses' attendance. The case was filed in March 2013, and Yu was represented by counsel for nearly the entirety of the case. There is no apparent reason why none of Yu's numerous former attorneys could have subpoenaed the witnesses or otherwise ensured their presence at trial.

When presented with the November 7 request to continue the trial, the trial court was faced with an imminent trial date and a record of already granting two continuances. Under the circumstances, the trial court did not abuse its discretion by denying another continuance.

## II. **The exhibit was properly admitted**

Yu further argues that the trial court erred by allowing the admission of a loan worksheet at trial stating the principal balance and other amounts owing on Yu's loan. He contends that the document was hearsay and there were no grounds to admit the document under the business records exception.

We review the trial court's evidentiary rulings for an abuse of discretion. (*Public Employees' Retirement System v. Moody's Investors Service, Inc.* (2014) 226 Cal.App.4th 643, 683.) We do not overturn an evidentiary ruling unless "'the trial court exceeded the bounds of reason, all of the circumstances before it being considered.'" (*Ibid.*)

The business records exception to the hearsay rule is codified in Evidence Code section 1271, which states: "Evidence of a writing made as a record of an act, condition,

4

or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if: [¶] (a) The writing was made in the regular course of a business; [¶] (b) The writing was made at or near the time of the act, condition, or event; [¶] (c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and [¶] (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

At trial, Iliana Payano, the loan officer for Yu's loan, testified on behalf of CLS regarding the loan worksheet. Payano stated that she maintained Yu's loan file, that any documents created by CLS relating to the loan come to her, and that she was familiar with the documents created and maintained pertaining to the loan. She further testified she recognized the loan worksheet, that the document showed a payoff balance for the loan as of the specific date listed on the worksheet, November 1, 2012, that the accounting department prepares loan worksheets for loan officers, and that the worksheet was kept in the regular course of business. When a loan officer makes a request for a payoff statement, the worksheet is created "right then and there."

We find the record sufficiently shows the loan worksheet was admissible as a business record. As the loan officer responsible for keeping the documents pertaining to Yu's loan, including the loan worksheet, Payano was qualified to testify regarding the manner in which the document was prepared, kept, and used. "The witness need not have been present at every transaction to establish the business records exception; he or she need only be familiar with the procedures followed . . . ." (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 322.)

On appeal, Yu argues that Payano did not specifically testify as to the date the loan worksheet was generated by the accounting department. Yu did not object on this basis at trial, however. He only objected that Payano did not have personal knowledge of how the document was prepared, and the objection was overruled. A failure to make a clear, specific ground of objection forfeits the argument on appeal. (Evid. Code, § 353, subd. (a).) If Yu had objected at trial that Payano did not testify regarding the date of preparation, CLS could have attempted to elicit testimony regarding this specific point.

5

But since Yu objected on another ground and the trial court overruled the objection and admitted the document, there was no need for further testimony supporting the admission of the loan worksheet. Thus, Yu cannot show the trial court abused its discretion by admitting the document.

In any event, even if Yu could show the trial court abused its discretion by admitting the loan worksheet, reversal would not be warranted. A judgment will not be reversed unless an error in admitting evidence resulted in a miscarriage of justice. (Evid. Code, § 353, subd. (b).) At trial, Payano testified regarding another admitted document, entitled "trustee's deed upon sale." That document was used to calculate the amount remaining owed by Yu. The loan worksheet, therefore, was merely cumulative, and not a necessary component of CLS's case. CLS sufficiently proved by other evidence that Yu owed a specific sum of money under the guaranty.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                        BOREN, P.J.

We concur:


        CHAVEZ, J.


        HOFFSTADT, J.