Filed 2/24/25  Roberts v. Curtis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| DELORES ROBERTS, Plaintiff and Respondent, v. WILLIAM CURTIS, Objector and Appellant. | D082893 (Super. Ct. No. 37-2020-00019064-PR-GE-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Olga Alvarez, Judge.  Affirmed.

William Curtis, in pro. per, for Objector and Appellant.

Higgs Fletcher & Mack, Steven M. Brunolli and John Morris for Plaintiff and Respondent.

William Curtis appeals from a judgment granting Delores Roberts's petition for the return of property to the estate of Curtis's minor children under Probate Code section 850.  Curtis contends that the trial court abused its discretion when it denied his request for a continuance to obtain counsel and excluded certain exhibits from evidence.  We conclude that the trial court's denial of the request for a continuance was not erroneous, and that

Curtis's claim of evidentiary error is forfeited. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

William Curtis is the father of two daughters, who are both minors (the children). Curtis was married to the children's mother, Claudette Curtis, until their divorce was finalized in April 2019. In November 2019, Claudette died intestate and left a bank account with a balance of $99,053.03. Despite being divorced, Curtis identified himself as Claudette's successor in interest and initiated the transfer of the funds to his Navy Federal Credit Union bank account in January 2020.

Delores Roberts is Claudette's mother. In June 2020, Roberts filed a petition to be appointed as guardian of the children's estate. In the course of the trial court's customary investigation of Roberts's petition, it appointed Curtis as temporary guardian "for the sole purpose" of transferring the $84,459.22 that remained in the estate out of Curtis's personal account and into a blocked account. When Curtis did not transfer the funds, the court suspended Curtis as temporary guardian and appointed Roberts. The court ultimately granted Roberts's petition and appointed her as the guardian of the children's estate in February 2023.

In July 2021, Roberts petitioned the court to order the return of what remained of the funds to the children's estate. An unreported trial on that petition commenced in October 2023. On the first morning of trial, Curtis

---

[1] A reporter's transcript was omitted from the appellate record in this case and there is no settled statement of the trial proceedings. Our review of the proceedings below is limited to the clerk's minute order for the October 2023 trial, as well as an incomplete compilation of certain declarations and accompanying exhibits. We therefore provide a statement of facts based on the incomplete record before us.

requested a continuance in order to obtain representation. According to the minute order, the court noted that Curtis was made aware of the upcoming trial in February 2023 and that the trial had already been continued once at a case management conference at which Curtis was present in May 2023. The court further noted that Curtis failed to timely file a motion to continue the case along with supporting documentation. The court observed that eight months was enough time for Curtis to obtain representation or file any relevant paperwork to obtain more time. On these grounds, the court denied Curtis's oral request for a continuance.

The minute order also indicates that during the trial, Curtis asked the court to admit a number of exhibits. Curtis seems to identify eight exhibits in his opening brief, all of which he asserts were excluded, whereas Roberts states that Curtis sought to admit nine exhibits, only four of which were excluded. The exact numbers are unclear from the record, but the trial court admitted at least some of Curtis's documents and sustained objections as to others. The court appears to have sustained hearsay objections to three of the excluded exhibits. The appellate record does not include any of the marked exhibits.

The minute order summarized the court's findings on the evidence. The court found that the children, not Curtis, were Claudette's successors in interest because Claudette and Curtis were divorced at the time of Claudette's death. The court suspended Curtis's temporary guardianship of his children's estate because he failed to move funds to a blocked account as ordered by the court in December 2020. The court found Curtis had acted in bad faith and for over three years actively defied court orders to return the funds, except for approximately $14,000. The court ordered Curtis to return the remaining $84,742.99, plus interest of $35,028.21, to his children's estate.

3

The court further ordered Curtis to pay his children's estate an additional $169,485.98 under Probate Code section 859, representing twice the amount of funds wrongfully taken, and $14,417.20 in sanctions. Finally, the court ordered Curtis to pay Roberts's attorney's fees and costs.

DISCUSSION

I

On appeal, Curtis first argues that the trial court erred when it denied his oral request for a continuance on the morning of trial. We find no abuse of discretion.

The power to continue a trial is within the discretion of a trial court. (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.) We review a trial court's denial of a continuance for an abuse of discretion, and a denial will be upheld so long as it was based on reasoned judgment and sound legal principles. (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.) The party seeking a continuance must make the request by a noticed motion or ex parte application with a supporting declaration. (Cal. Rules of Court, rule 3.1332(b).) Among the factors the court may consider in its decision are "the proximity of the trial date, whether there were previous trial continuances, the length of the requested continuance, and the prejudice that parties or witnesses would suffer as a result of the continuance." (Cal. Rules of Court, rule 3.1332(d); *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126.) In the interest of judicial economy, trial continuances are generally disfavored and only granted for good cause. (Cal. Rules of Court, rule 3.1332(c).)

The trial court correctly ruled that Curtis did not comply with the procedures required by the California Rules of Court, as he failed to file any noticed motion or ex parte application with supporting documentation for his

4

request for a continuance.  Indeed, his request was made orally on the day of trial.  The court also properly considered the fact that the original trial date had been scheduled eight months earlier, the trial had already been continued once five months earlier, and Curtis was present at the hearing at which that continuance was granted.  Finally, according to the minute order, Curtis claimed he would be hiring an attorney named Ryan Anderson, but Anderson was not present at the hearing and there was no confirmation that he was available and willing to represent Curtis or had been contacted to do so.

Even if Curtis had filed the appropriate documentation, it was well within the court's discretion to deny his request for a continuance in these circumstances.  (See *County of San Bernardino v. Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 781 [denial of an oral request for a continuance justified when requested on the morning of trial, the opposing party was ready to proceed, and no supporting documentation was provided].)  Although Curtis purportedly requested the continuance to obtain counsel, he had at least eight months to do so and still had not actually retained counsel at the time of the hearing.  From the limited record before us, we cannot conclude that the trial court's denial of Curtis's request for a continuance was outside the bounds of reason.  Therefore, we find no abuse of discretion.

## II

Curtis next argues that the trial court erred when it sustained hearsay objections as to certain exhibits and accordingly excluded them from evidence.  However, he has not provided an adequate record or presented any meaningful legal argument or authority to support his conclusion that the trial court's evidentiary rulings were made in error.  The appellate record

5

does not include either the excluded exhibits or a transcript or settled statement of the hearing at which the objections were made and sustained. As the appellant with the burden of showing error, Curtis has forfeited his evidentiary claims by failing to provide an adequate record for us to assess them on the merits. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

Curtis has also failed to offer any cogent argument as to why the objections should have been overruled. In his opening brief, Curtis merely lists the exhibits he believes should have been admitted into evidence. "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.'" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) For this reason as well, we conclude that Curtis has forfeited his evidentiary claims.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to recover her costs on appeal.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

RUBIN, J.